# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | CASE NO.: 5:17cr493 |
| --- | --- | --- |
|  | ) |  |
|  | ) | JUDGE JAMES S. GWIN |
| Plaintiff | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | **DEFENDANT JESSE GULLEY'S** |
| JESSE GULLEY | ) | **MOTION TO DISCLOSE THE** |
|  | ) | **IDENTITY OF THE GOVERNMENT'S** |
| Defendant | ) | **CONFIDENTIAL INFORMANT** |

Jesse Gulley ("Gulley" or "Defendant"), by and through undersigned counsel and pursuant to the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, respectfully moves this Honorable Court for an order requiring the government to reveal the identity of a confidential informant who purportedly told agents that Gulley was at his codefendant's house with drugs and/or firearms. He asks this Court to order the government to produce information concerning the following:

1. the date, time, location and substance of any and all contacts between the informant or cooperating individual and any one or more of the defendants;

2. whether the informant was charged with, under investigation for, suspected of, or serving a sentence for any crime at the time he was assisting the government, and if so, the crimes, details of any agreement(s), any other actual or potential criminal charges or sentences which were abandoned or modified, and the names, positions, and addresses of the government representatives involved in the agreements;

3. any information relating directly or indirectly to promises or guarantees of leniency or

favorable treatment, whether expressed or implied, which exists now or has ever existed between the government and the informant, and between or among the informant and any other law enforcement or prosecutorial agency;

4. the precise details of any financial arrangements, rewards, compensation of any kind or agreement provided or given by the government for the informant's cooperation or assistance;

5. the criminal record of the informant, including any pending cases;

6. whether the government has knowledge of any false statements made by the informant;

7. any information tending to show bias or prejudice on the part of the informant;

8. any information tending show that such person has made contradictory or inconsistent statements relevant to this case, regarding any of the defendants, or regarding any other matter which the government has investigated;

9. any information tending to show that the person committed a criminal offense while acting as an informant;

10. any information tending to show that such person may have at any time failed to identify or misidentified the Defendant; and

11. the names, addresses and positions of any agents of the Government who handled, worked with, supervised, or assisted the informant and/or to whom the informant provided information.

Further support for this motion is contained in the attached brief.

# BRIEF IN SUPPORT OF MOTION TO DISCLOSE INFORMANT

Gulley asks this Court to order the government to disclose the above information relative to the informant who purportedly told agents that Gulley was at Clark's residence with guns and/or drugs.

When it comes to the identities of confidential informants, the government enjoys a privilege to keep them secret from defendants. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). However, that privilege is not absolute. *Id*. at 60. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id* at 61.

As the Sixth Circuit Court has explained, "[t]o determine whether the government is required to disclose the identity of the informant, [courts] balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.'" *United States v. Doxey,* 833 F.3d 692, 706 (6th Cir. 2016) (quoting *Roviaro, supra* at 62). That determination is made based on the circumstances of each individual case; factors to consider include "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro*, *supra* at 62.

Gulley recognizes that the burden is on him to establish the need to disclose the informant in this case. *United States v. Moore*, 954 F. 2d 379, 381. He can meet that burden. The facts here require the production of the identity of the government's informant. The affidavit of the investigating agent lists primarily the uncorroborated statement of an unnamed informant as the reason that he believed there was evidence of illegal activity in the house of Gulley's co-defendant Clark. The vagueness of the affidavit fails to establish probable cause that evidence of criminal activity was present at the house at the time that the agent sought the search

warrant.

Moreover, Gulley did not engage in any illegal activity at Clark's residence. The identity of the informant who purportedly told the investigating agent that he did is essential to Gulley's defense. While mere speculation does not satisfy the defendant's burden relative to the disclosure of an informant's identity (U*nited States v. Sharp*, 778 F. 2d 1182, 1186), in this case, through the informant's testimony Gulley can show that he was not engaged in any illegal activity during the time in which the government asserts that he committed the charged offenses.

Based on the preceding, Gulley asks this Court to grant his motion and require the government to reveal the identity of its informant.

Respectfully Submitted,

*/s/ Fernando Mack, Esq.*
**FERNANDO O. MACK (0062937)**
**1220 West 6th Street, Suite 203**
**Cleveland, Ohio 44113**
**(216) 556-9610**
**(855) 320-8107 Fax**
**email: losmacks@msn.com**
*Attorney for Jesse Gulley*

CERTIFICATE OF SERVICE

A copy of this motion was filed via the Court's Electronic Filing System on January 7, 2018; notice will be provided to all parties by operation of the system.

*/s/ Fernando O. Mack*
**FERNANDO O. MACK**
***Attorney for Jesse Gulley***