IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:17CR493 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| JESSE GULLEY, | ) | RESPONSE TO DEFENDANT'S MOTION |
| | ) | FOR DISCLOSURE OF CONFIDENTIAL |
| Defendant. | ) | INFORMANTS |

Now comes the United States of America, by and through the undersigned counsel and respectfully submits the following Response to Defendant's Motion for Disclosure of Confidential Informants. For the reasons stated herein, the United States of America requests that this Honorable Court deny the Defendant's Motion.

**DEFENDANT'S MOTION**

On January 7, 2018, the Defendant filed a Motion for Disclosure of Confidential Informants. *See* ECF at Doc #26, Page ID #92. In his Motion, the Defendant requested that this Court order the United States to reveal the identity of a confidential informant who provided some information to federal agents during the agents' investigation into Gulley's Heroin, Fentanyl and Carfentanil trafficking activities. The Defendant also requested additional

information that could pertain to the confidential informant's credibility and potential impeachment information in case the United States calls the confidential informant to testify as a witness at the Defendant's trial. The United States does not intend to call the confidential informant to testify at the Defendant's trial nor at any potential suppression hearing. For the reasons stated below, the United States respectfully requests that the Court deny the Defendant's Motion.

**INFORMANT'S PRIVILEGE**

The Supreme Court has recognized that the government enjoys a privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The privilege is intended to serve the public's interest in effective law enforcement by protecting the anonymity of citizens who carry out their obligation to communicate knowledge of criminal activity to law enforcement officials. *United States v. Sanchez*, 988 F.2d 1384, 1391 (5th Cir. 1993). Applying *Roviaro* to the context of criminal discovery, courts have held that in certain circumstances, the prosecution may, pursuant to the privilege, refrain from disclosing a confidential informant's identity to the defendant. *See United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997); *United States v. Bender*, 5 F.3d 267, 269 (7th Cir. 1993); *United States v. Mendoza-Salgado*, 964 F.2d 993, 1000 (10th Cir. 1992); *United States v. Harrington*, 951 F.2d 876, 877 (8th Cir. 1991); *United States v. Martinez*, 922 F.2d 914, 920 (1st Cir. 1991); *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990); *United States v. Smith*, 780 F.2d 1102, 1107 (4th Cir. 1985); *United States v. Sharp*, 778 F.2d 1182, 1185 (6th Cir. 1985); *United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985); *United States v. Green*, 670 F.2d 1148,

1154 (D.C. Cir. 1981); *United States v. Jiles*, 658 F.2d 194, 196 (3rd Cir. 1981); *United States v. Diaz*, 655 F.2d 580, 586 (5th Cir. 1981).

Recently, the United States Court of Appeals, Sixth Circuit addressed this issue again and found that the district court acted well within its discretion in allowing the government to withhold the identity of its confidential informant because the Defendant failed to demonstrate how disclosure of the information about the confidential informant would "substantively assist his defense" or that disclosure was "essential to a fair trial". *See United States v. Doxey*, 833 F.3d 692, 707 (6th Cir. 2016). The United States Court of Appeals for the Sixth Circuit has also found that the government could withhold the identity of its confidential informant when the information provided by the confidential informant only led to the execution of a search warrant. *See United States v. Beals*, 698 F.3d 248, 270 (6th Cir. 2012) (concluding that the district court was within its discretion not to order disclosure of the government's confidential informant where the informant only "helped orchestrate the search that led to discovery of incriminating evidence, not the crimes themselves," and "could not testify to any relevant fact.").

At the trial in this case, the United States of America will not seek to introduce other acts evidence through the testimony of the confidential source pursuant to Federal Rule of Evidence 404B. The United States does not intend to call that confidential source as a witness at the trial in this case to attempt to prove that on or about July 25th of 2017, the Defendant knowingly possessed a machinegun, other firearms and ammunition while being a prohibited person. The Defendant is not charged with selling narcotics to a confidential source.

The only role that the confidential source played in this case was that he/she provided some information to law enforcement that partially led to the execution of the search that led to the discovery of incriminating evidence against the defendant. The confidential source was not

present during the execution of the search warrant on July 25, 2017. The Defendant has failed to demonstrate how disclosure of the identity of the confidential source is essential to him receiving a fair trial.

Additionally, the United States has concerns for the safety of the confidential sources in this case. The Defendant has an extensive and violent criminal history. The United States recently learned that law enforcement recently found that the Defendant possessed a cellular telephone in the CCA detention facility in Youngstown, Ohio. The Defendant's conduct raises concerns that he may be using that cellular telephone to avoid law enforcement detection about the content of his conversations. His conduct further raises concerns about the safety of the confidential sources who provided information to law enforcement in this investigation.

For the reasons stated above, the United States of America respectfully requests that this Honorable Court deny the Defendant's Motion.

        Respectfully submitted,

        JUSTIN E. HERDMAN
        United States Attorney

By:  /s/ Aaron P. Howell
      Aaron P. Howell (OH: 0081347)
      Assistant United States Attorney
      Federal Building
      2 South Main Street, Room 208
      Akron, OH 44308
      (330) 761-0526
      (330) 375-5492 (facsimile)
      Aaron.Howell@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2018 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Aaron P. Howell
Aaron P. Howell
Assistant U.S. Attorney