IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 5:17CR493 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| JESSE GULLEY, | ) | RESPONSE TO DEFENDANT'S MOTION |
| | ) | TO SUPPRESS EVIDENCE |
| Defendant. | ) | |

Now comes the United States of America, by and through the undersigned counsel and respectfully submits the following Response to Defendant's Motion to Suppress Evidence. *See* ECF at Doc # 24. For the reasons stated herein, the United States of America requests that this Honorable Court deny the Defendant's Motion.

**Validity of the state search warrant**

The Fourth Amendment guarantees that "no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. Amend. IV. An affidavit used to establish probable cause must provide the issuing magistrate a substantial basis for determining the existence of probable cause. *United States v. Thomas*, 605 F.3d 300, 307 (6th Cir. 2010). The standard of review for determining the sufficiency of the affidavit is whether the issuing judge had a

substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited in the affidavit. *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003); *United States v. Loggins*, 777 F.2d 336, 338 (6th Cir. 1985). "The courts should not undertake a *de novo* review of the sufficiency of an affidavit, nor should they invalidate a warrant by interpreting an affidavit in a hyper technical, rather than a commonsense, manner. *United States v. Pelham*, 801 F.2d 875, 877 (6th Cir. 1986). "The task of a reviewing court is not to conduct a *de novo* determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant." *Massachusetts v. Upton*, 466 U.S. 727, 728 (1984); *see also Illinois v. Gates*, 462 U.S. 213, 231-38 (1983). When making a probable cause determination, a court is limited to the four corners of the affidavit. *United States v. Rose*, 714 F.3d 362, 366 (6th Cir. 2013). An affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added. *United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000).

Once a search warrant has been issued, "great deference" is due when reviewing a judicial officer's determination of probable cause. *Trinity Indus., Inc. v. Occupational Safety and Health Review Comm'n*, 16 F.3d 1455, 1459 (6th Cir. 1994) (affirming administrative law judge's decision denying a motion to suppress evidence obtained pursuant to an administrative inspection warrant); *United States v. Calloway*, 116 F.3d 1129, 1132 (6th Cir.) (absent clear error, magistrate judge's determination of probable cause must not be reversed), *cert. denied*. This deferential review is consistent with "the Fourth Amendment's strong preference for searches conducted pursuant to a warrant." *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct 2317 (1983).

**1. The Affidavit established a nexus between the residence and the evidence sought**

The affidavit should demonstrate a nexus between the place to be searched and the evidence sought. *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004). There was a substantial basis on July 25, 2017 for the issuing Judge to find that probable cause existed that evidence of illegal firearm and ammunition possession and drug trafficking would be found at the residence at 1306 9th Street NW, Canton, Ohio. *See* ECF at Doc #23-1, Page ID # 74-77. Agent Mike Volpe from the Canton Police Department and the FBI Safe Streets Task Force was the affiant for the search warrant. Agent Volpe stated that agents from the United States Marshal's Service encountered Defendant Gulley at the listed address on July 25, 2017, when he answered the door of the residence. *Id* at 75. Agents saw in plain-view, a clear plastic bag containing several rounds of ammunition in the doorway behind Defendant Gulley. *Id* at 75. Agent Volpe noted that Defendant Gulley was currently on post-release control and had been previously convicted of several felony criminal offenses, including Felonious Assault, Having a Weapon While Under Disability, Failure to Comply with the Order or Signal of a Police Officer and Possession of Cocaine, so Gulley was prohibited from possessing firearms under state law. Gulley stated that there were several firearms in the house and one was either an AK 47 or SKS. *Id* at 76. Gulley claimed that the residence belonged to his wife, Ikasha Clark and that he had stayed overnight at the residence. *Id* at 75. Defendant Gulley's wife and co-defendant, Ikasha Clark, lives at the 9th Street residence and Agent Volpe noted that she stated to Agents that there are multiple firearms in the residence. *Id* at 76. Clark further stated that one of the firearms was dropped off at the house the day before (July 24, 2017), by a white male named Tom. *Id* at 76. Clark said that both her and Gulley were present at the residence when Tom dropped the firearm

3

off. *Id* at 76. Agent Volpe noted that he believed the AK 47 or SKS was the firearm dropped off by Tom on July 24, 2017, because Ikasha Clark gestured towards that firearm in the residence while discussing the drop off with Agent Volpe. *Id* at 76.

Based upon the Agent's observations of ammunition and a firearm in the residence on July 25, 2017, coupled with the Defendant's status as a prohibited person and his and his co-defendant's admissions about their possession of firearms and ammunition in the residence; the Affidavit contained sufficient evidence and a substantial basis for the issuing Judge to find that probable cause existed to authorize the search of the residence for evidence of Having a Weapon While Under a Disability in violation of Ohio Revised Code 2923.13.

Additionally, Agent Volpe included information in the Affidavit about Gulley and the residence that Agent Volpe had obtained in his nearly two year investigation into Gulley's Heroin, Fentanyl and Carfentanil trafficking activities. Agent Volpe learned that a reliable confidential human source had witnessed Gulley possess kilograms of Heroin at the 9th Street residence. *Id* at 75. Agent Volpe also learned that a confidential human source witnessed Gulley possess multiple firearms at that residence. *Id* at 75. Agent Volpe further noted that during the course of the investigation, the FBI Safe Streets Task Force supervised several controlled purchases of narcotics from Gulley and his associates. *Id* at 75. Agent Volpe also included in the Affidavit information about Gulley's wife within the Muslim religion, Isis Cruz. Isis Cruz was convicted of Possession of 200 grams of Fentanyl with the Intent to Distribute in case number 5:17CR214 on November 20, 2017, before this Honorable Court. Agent Volpe noted that Isis Cruz was driving one of Gulley's vehicles when she was arrested. *Id* at 75. Agent Volpe stated that through his investigation into Isis Cruz's case, he learned that the 200 grams of Fentanyl was destined for Gulley. *Id* at 75. Agent Volpe further noted that Gulley maintained

several residences, including a residence belonging to Isis Cruz where Agent Volpe learned Gulley stored illegal narcotics. *Id* at 76. Agents conducted a controlled purchase of narcotics from Gulley and his associates at that residence. *Id* at 76. Agent Volpe further noted that Gulley maintained another residence at 1511 Harrison Ave. SW, Canton, Ohio as an after-hours establishment and narcotics storage house. *Id* at 76. Agent Volpe stated that Gulley also used this residence to house Heroin addicts who tested Gulley's narcotics for potency. *Id* at 76. All of this information is pertinent to Agent Volpe's allegation that Gulley stores firearms and narcotics at residences other than the residence he lists under the terms of his post-release control (1335 14th Street NW, Apartment 5, Canton, Ohio). *Id* at 75. Agent Volpe noted in the Affidavit that based upon his training and experience, individuals who conduct criminal acts often have multiple residences, especially if the individual is on parole or post-release control. *Id* at 75. He stated that the individuals will often hide illegal narcotics and firearms in those other residences in an effort to avoid discovery by law enforcement. *Id* at 75. Agent Volpe further stated that people who sell narcotics often have firearms inside their residences for their protection and enforcement. *Id* at 75.

When looking at totality of the circumstances outlined in the affidavit in support of the search warrant, it is clear that there was a substantial basis for the issuing Judge to find probable cause that evidence of drug trafficking would be found in the residence at 9th Street in Canton, Ohio. The Defendant claims that there was insufficient information from which the Judge could conclude that the information provided by the confidential source was reliable. The United States respectfully disagrees. The information provided to Agent Volpe by the confidential sources was largely corroborated by other evidence collected in the investigation, including, but not limited to; the controlled purchases from Gulley and the evidence present at the residence in

plain view on July 25, 2017, along with the incriminating statements made by Gulley and his co-defendant Ikasha Clark at the residence that same day. The Defendant seems to criticize the search warrant affidavit by trying to point out what the affidavit lacks and what should have been added. The affidavit is judged on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added. *United States v. Allen*, 211 F.3d 970, 975 (6th Cir.), *cert. denied*.

### 2. Good Faith

If this Honorable Court disagrees with the United States and finds that the search warrant affidavit lacked probable cause, the United States respectfully requests that this Court find that the law enforcement officers acted in good faith and reasonably relied on the search warrant issued by the state Judge in this case.

In *United States v. Leon*, the Supreme Court identified four scenarios where an officer's reliance on the warrant is not objectively reasonable: (1) when the affidavit contains false information that the affiant either knew or should have known was false; (2) when the issuing magistrate abandons neutrality and serves as a rubber stamp for police activities; (3) when the affidavit is bare bones and severely lacks in indicia of probable cause; and (4) when the warrant is so "facially deficient" that it cannot be presumed to be valid. *United States v. Leon*, 468 U.S. 897, 905 (1984). Under *Leon*, where officers rely in an objectively reasonable fashion on a search warrant issued by a neutral magistrate that is subsequently found to be invalid, the Fourth Amendment exclusionary rule does not require suppression of the fruits of the search. *United States v. Bowling*, 900 F.2d 926, 931 (6th Cir. 1990).

In this case, the United States believes that there was an abundance of evidence supporting the issuance of the search warrant. The Agents in this case arguably could have enter

the residence without a warrant and seized the evidence of the crime of illegal firearm and ammunition possession by co-defendant Gulley, but instead the Agents drafted an affidavit and obtained a search warrant from a neutral and detached Judge.  The Agents performed quality work in this case.  If the Court disagrees, the United States respectfully requests that the Court find that the Agents relied in an objectively reasonable fashion on the search warrant issued by the state Judge in this case and find that the exclusionary rule does not apply.

For the reasons stated above, the United States of America respectfully requests that this Honorable Court deny the Defendant's Motion.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ Aaron P. Howell
Aaron P. Howell (OH: 0081347)
Assistant United States Attorney
Federal Building
2 South Main Street, Room 208
Akron, OH 44308
(330) 761-0526
(330) 375-5492 (facsimile)
Aaron.Howell@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2018 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

/s/ Aaron P. Howell
Aaron P. Howell
Assistant U.S. Attorney