IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | Case No. 5:17CR493 |
|---|---|---|
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | UNITED STATES OF AMERICA'S |
| JESSE GULLEY, | ) | PROPOSED VOIR DIRE QUESTIONS |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Aaron P. Howell, Assistant United States Attorney, and respectfully submit the following set of proposed questions to be directed to the jury panel during *voir dire* examination.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By: /s/ Aaron P. Howell
    Aaron P. Howell
    Assistant U. S. Attorney
    Reg. No. OH 0081347
    2 South Main Street, Room 208
    Akron, Ohio 44308
    Telephone No.: (330) 761-0526
    Fax. (330) 375-5492
    Email: aaron.howell@usdoj.gov

## PROPOSED VOIR DIRE QUESTIONS

1. Do you or any relatives or close friends know any of the attorneys involved in this case:

    a. The Honorable Judge James S. Gwin

    b. Aaron P. Howell, Assistant U.S. Attorney - representing the United States;

    c. Fernando Mack - representing the Defendant Jesse Gulley;

        (1). If yes, provide the details.

        (2). If yes, would your acquaintances with such attorney affect your ability to be fair and impartial in this case?

2. Are you or any relatives or close friends acquainted with the Defendant or his family?

    a. If yes, provide the details.

    b. If yes, will that acquaintances make it difficult for you to objectively determine the facts in this case and apply the law or what the Court instructs?

3. Do you know or recognize any other prospective jury panelist in the courtroom? If so, what is the basis of the relationship?

4. Have you ever been a juror in a civil or criminal case?

    a. If yes, provide the details.

    b. If yes, what court? (Federal, Common Pleas, etc.)

    c. Civil or Criminal case?

    d. Did the jury on which you served reach a verdict?

    United States v. Lambinus, 747 F.2d 592 (10th Cir. 1984).

5. Have you, any member of your immediate family or a close friend ever been arrested or convicted of a crime?

    a. If yes, provide the details.

    b. If yes, did you feel you or your family member or close friend was treated fairly by

   the police or prosecutor?

  c. Would the prior experience with the criminal justice system affect your ability to be fair and impartial in this case?

6. Do you or any relatives or close friends work in law enforcement?

  a. If yes, provide details.

7. Have you ever had any unpleasant experience with law enforcement officers?

  a. If so, would this experience cause you to favor either the government or the Defendant in this case?

8. Have you or have any of your close friends or relatives ever been the victim of a crime?

  a. If so, would your experience make it difficult for you to be fair and impartial in this case?

9. Have you or a member of your immediate family ever filed a claim or lawsuit against the United States Government, or has the Government ever filed a claim or lawsuit against you or a family member?

  a. If so, was that claim resolved in your favor or in favor of the government?

  b. Is there anything about that experience that would prevent you from being a fair and impartial juror in this case?

United States v. Lambinus, 747 F.2d 592 (10th Cir. 1984).

10. Do you possess any philosophical, moral or religious beliefs that would make it difficult for you to sit in judgment of another person?

11. Do you have any problem reading or understanding the English language?

12. Do you have a hearing problem that would make it difficult for you to listen to testimony?

12a. Do you have a health problem which would make it difficult to give this case your full attention?

13. Will you follow this Court's instructions of law and not substitute your own ideas or notions about what the law ought to be?

14. Will you wait until all the evidence has been presented and the Court has instructed you on the applicable law before reaching any conclusion concerning the guilt of innocence of the Defendant?

15. Do you understand that under the law, the Defendant is presumed innocent and that the presumption of innocence remains with the Defendant throughout the trial?

16. Do you understand that in order to overcome the presumption of innocence, the burden is upon the government to prove the Defendant's guilt by proof beyond a reasonable doubt?

17. Would any of you refuse to find the Defendant "not guilty" of an offense if you concluded from the evidence that the government failed to prove the Defendant's guilt by proof beyond a reasonable doubt?

18. Would any of you refuse to find the Defendant "guilty" of an offense if you concluded from the evidence that the government had proved the Defendant's guilt by proof beyond a reasonable doubt?

19. Will you be able to render a decision as to guilt or innocence without regard to any sympathy, pity, or other feelings you may have, either for or against any defendant?

20. Would any of you prefer not to sit as a juror in a criminal case?

21. This case involves laws that restrict the possession of firearms. Do any of you feel it is improper for Congress and States to pass laws prohibiting the possession of firearms under certain circumstances?

22. Would any of you be reluctant to enforce the law involved in this case because it restricts the right to possess firearms?

23. Are any of you members of the NRA?

      a.      If so, would your membership make it difficult for you to serve as a fair and impartial juror in this case?

24.      Would any of you judge the credibility of law enforcement officers by different standards than you would judge the credibility of other witnesses?

25.      Do any of you know of any reason why you cannot make a fair and impartial decision in this case?

The parties would also request the Court elicit from each prospective juror:

      a.      His/her occupation;

      b.      His/her marital status;

      c.      The occupation of the prospective juror's spouse;

      d.      Whether the prospective juror has any children;

      e.      The ages and occupations of any such children.

      f.      Whether the prospective juror, or his/her spouse/significant other currently own, or have in the past owned a firearm.

      g.      Whether the prospective juror, or his/her spouse/significant other have any significant training in firearms.

      h.      Whether the prospective juror, or his/her spouse/significant other belong to any clubs, groups, or associations which advocate the possession of firearms, or in reducing the regulations prescribed by law in purchasing or possessing firearms.

      i.      Whether the prospective juror has a history of drug abuse or a family member has had a history of drug abuse. If so, would that affect his/her ability to be fair and impartial in this case.

Respectfully submitted,

JUSTIN E. HERDMAN
United States Attorney

By:   /s/ Aaron P. Howell
     Aaron P. Howell
     Assistant U. S. Attorney
     Reg. No. OH 0081347
     2 South Main Street, Room 208
     Akron, Ohio   44308
     Telephone No.: (330) 761-0526
     Fax. (330) 375-5492
     Email: aaron.howell@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on FEBRUARY 19, 2018, a copy of the foregoing Proposed *Voir Dire* Questions was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: /s/ Aaron P. Howell
Aaron P. Howell
Assistant U. S. Attorney
Reg. No. OH 0081347
2 South Main Street, Room 208
Akron, Ohio 44308
Telephone No.: (330) 761-0526
Fax. (330) 375-5492
Email: aaron.howell@usdoj.gov