UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|                              |   |                          |
|------------------------------|---|--------------------------|
| UNITED STATES OF AMERICA,    | : | CASE NO. 5:17-CR-493     |
| Plaintiff,                   | : |                          |
| vs.                          | : | OPINION & ORDER          |
|                              | : | [Resolving Docs. 59, 60] |
| JESSE GULLEY,                | : |                          |
| Defendant.                   | : |                          |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Jesse Gulley seeks leave to file a second motion to suppress.[1] He also seeks to continue his trial date and trial-related deadlines.[2] For the following reasons, the Court **DENIES** both requests.

On February 5, 2018, the Court denied Defendant Gulley's first motion to suppress.[3] The Court found that probable cause was present in the four corners of the affidavit supporting the search warrant. Before deciding the motion to suppress, Defendant Gulley told the Court: "Defendant believes that this Court has before it the information that it needs to make a ruling on his motion, and that a hearing is not necessary." The United States agreed that a *Franks* hearing was unnecessary and agreed that the Court was "limited to the four corners of the affidavit" when deciding the motion to suppress.

Apparently, Defendant Gulley now changes his opinion. But, he gave up his right to seek a *Franks* hearing and he does not show sufficient evidence to warrant a *Franks* hearing.[4] He makes no "substantial preliminary showing that a false statement knowingly and intentionally, or

---

[1] Doc. 60.
[2] Doc. 59.
[3] Doc. 39.
[4] *See id* at 5-6.

Case No. 5:17-cr-493
Gwin, J.

with reckless disregard for the truth, was included by the affiant in the warrant affidavit and [ ] the allegedly false statement is necessary to the finding of probable cause."[5]

Gulley could have raised in his first motion to suppress any facts or argument suggesting an unconstitutional intrusion prior to officers questioning him and Defendant Clark. But, the entering officers had an arrest warrant.

Gulley also mentions that the government recently disclosed to him that one of the officers who questioned him and searched Clark's home has been placed on unpaid administrative leave.[6] Although this fact is newly discovered, the reason for the officer's leave does not appear to relate to Gulley at all, and so this fact cannot support the Court's reconsideration of Gulley's motion to suppress.

Additionally, there is no manifest injustice here. The Court set a deadline of January 31, 2018 for either party to request a hearing on the motion to suppress.[7] In response to this deadline, Gulley responded that "Defendant does not at this time believe that a hearing is required" and represented that the Court's review should be focused on whether there was probable cause in the four corners of the affidavit.[8]

The Court will therefore **DENY** Gulley's motion for leave to file a second suppression motion.

Gulley also seeks to continue his trial date by sixty (60) days because, at his request, the Court recently appointed him new counsel.[9] Gulley avers that his new counsel needs time to familiarize himself with this case, conduct an investigation, and prepare for trial.[10]

---

[5] *United States v. Poulsen*, 655 F.3d 492, 504 (6th Cir. 2011) (quoting *United States v. Mastromatteo*, 538 F.3d 535, 545 (6th Cir. 2008)).
[6] *See* Doc. 60-1 at 3.
[7] Doc. 35.
[8] *See* Doc. 38 at 1.
[9] *See* Doc. 52.
[10] *See* Doc. 59.

Case No. 5:17-cr-493
Gwin, J.

However, this case is relatively simple. The government has represented that trial will only involve between four and eight witnesses and that all pretrial discovery has already been given to the defense.[11] Additionally, the Court made Gulley aware that the Court's granting his request for new counsel would not allow him to further delay his trial date.[12]

For those reasons, the Court **DENIES** Gulley's motion for leave to file a second motion to suppress. The Court also **DENIES** Gulley's motion to continue trial and all trial-related deadlines.

IT IS SO ORDERED

Dated: March 5, 2018                 *s/ James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE

---

[11] *See* Draft Transcript of February 23, 2018 Hearing at 17.
[12] *Id.*