```
 1                    UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF OHIO
 2                    EASTERN DIVISION AT CLEVELAND

 3
     UNITED STATES OF AMERICA,      Case No. 5:17-cr-493-1
 4
              Plaintiff,
 5
        vs.                         TUESDAY, JUNE 19, 2018
 6

 7   JESSE GULLEY,

 8              Defendant.

 9

10
                   TRANSCRIPT OF SENTENCING HEARING
11           HELD BEFORE THE HONORABLE JAMES S. GWIN
                    UNITED STATES DISTRICT JUDGE
12

13

14   APPEARANCES:

15   For the Plaintiff:      Jason M. Katz,
                             Assistant United States Attorney
16

17
     For the Defendant:      Carlos Warner, Esq.
18

19

20   Official Court Reporter:   Lance A. Boardman, RDR, CRR
                                United States District Court
21                              801 West Superior Avenue
                                Court Reporters 7-189
22                              Cleveland, Ohio 44113
                                216.357.7019
23

24
     Proceedings recorded by mechanical stenography; transcript
25   produced by computer-aided transcription.
```

```
12:36:07   1                    (In Open Court.)
12:36:08   2              THE COURT:  We're convening on Case Number
12:36:13   3    2017-cr-493, United States vs. Jesse Gulley.  The case is
12:36:20   4    here today for sentencing.
12:36:21   5         In this case I'm going to find Mr. Gulley guilty of
12:36:25   6    possession of firearm and ammunition by a convicted felon,
12:36:31   7    in violation of 18 United States Code Section 922(g)(1) and
12:36:36   8    924(a)(2).
12:36:38   9         And I'd ask Mr. Warner and Mr. Gulley to go to the
12:36:41  10    podium.
12:36:51  11         Mr. Gulley, did you receive a copy of the final
12:36:55  12    presentence report?
12:36:55  13              THE DEFENDANT:  Yes, sir.
12:36:56  14              THE COURT:  Did you go over the whole report
12:36:57  15    with Mr. Warner?
12:36:58  16              THE DEFENDANT:  Yes, sir.
12:36:59  17              THE COURT:  Did either of you find any
12:37:02  18    mistakes or do either of you raise any objections?
12:37:05  19              MR. WARNER:  Judge, there are some objections
12:37:07  20    noted in the report, and I think they've been well argued
12:37:11  21    and responded to.  We leave those up to the Court to decide.
12:37:13  22         I do have a few additions to the report that I don't
12:37:17  23    believe will be objected to, basically family members that
12:37:21  24    we'd like to include so they can visit at the Bureau of
12:37:25  25    Prisons.
```

```
12:37:26   1        And also, we're maintaining that he did receive his
12:37:28   2   GED while he was incarcerated at the Trumbull Correctional
12:37:33   3   Institution.  And that can make a difference, you know, in
12:37:38   4   terms of calculating his custody level going forward.
12:37:42   5        So I would ask for those things.  I could give the --
12:37:46   6             THE COURT:  Let me -- let's try to deal with
12:37:48   7   them one at a time.
12:37:49   8             MR. WARNER:  Sure.
12:37:50   9             THE COURT:  I understand you may object to
12:37:52  10   paragraph 11 dealing with the circumstances where the
12:37:58  11   officers first came to the home.
12:38:02  12             MR. WARNER:  Correct.
12:38:02  13             THE COURT:  I'll overrule that, although I
12:38:04  14   would also indicate that it doesn't -- this seems consistent
12:38:08  15   with police reports, but, more importantly, it's not going
12:38:12  16   to impact the sentence.
12:38:14  17      I also believe you may object to paragraph 14 with
12:38:22  18   regard to statements he made at the time of the original
12:38:27  19   entry.
12:38:28  20             MR. WARNER:  Correct, Your Honor.
12:38:29  21             THE COURT:  And for the same reason I'll deny
12:38:31  22   that.  I think this is consistent with the police reports,
12:38:35  23   but, more important, I do not -- it will not impact the
12:38:40  24   sentence one way or the other.
12:38:43  25        There also may be an objection to paragraphs 17 to 27
```

3

```
12:38:50   1   which relate a long series of interviews with codefendant
12:38:56   2   Thomas Lorenz.
12:38:58   3        Have you received a copy of those at this point?  Do
12:39:02   4   you still want -- do you still want to raise that objection
12:39:09   5   or those objections?
12:39:10   6             MR. WARNER:  Your Honor, I mean, it's, again,
12:39:12   7   the veracity of those opinions.  We disagree with them, and
12:39:15   8   we, as stated in our objection and the previous ones, we
12:39:19   9   don't think they should be considered or impact the sentence
12:39:23  10   that's handed down today as far as the factors go.
12:39:25  11             THE COURT:  Okay.  And I'll overrule those,
12:39:27  12   although they're largely irrelevant for this sentencing.
12:39:36  13   They actually were probably largely irrelevant for Lorenz'
12:39:41  14   sentencing too.
12:39:45  15        Do you also object to 58?
12:39:48  16             MR. WARNER:  Same grounds, Your Honor.
12:39:50  17             THE COURT:  Once again, I'll overrule the
12:39:53  18   objection.  I think that conviction's the more important
12:39:57  19   issue here and -- or not the conviction but the fact that a
12:40:02  20   charge was brought is the more important factor, but I
12:40:07  21   understand that there was not a conviction on the felonious
12:40:15  22   assault.  And it will not impact the sentence, the fact that
12:40:18  23   the charge was originally made.
12:40:23  24        Is there still an objection to 60?
12:40:25  25             MR. WARNER:  Yes, Your Honor, same basis.
```

```
12:40:27   1   THE COURT:  Okay.  I'll overrule that.  I'll,
12:40:30   2   once again, find that there was evidence that he had gang
12:40:33   3   affiliation.  But once again, by his own statements it
12:40:37   4   sounded like any such gang affiliation was in his past and
12:40:44   5   would not directly affect the sentence in this case.
12:40:49   6        Is there still an objection to 62, 63, and 64?
12:40:56   7        MR. WARNER:  Judge, I think those have been
12:40:58   8   resolved.
12:40:58   9        THE COURT:  Okay.  And is there still an
12:41:00  10   objection to 79?
12:41:02  11        MR. WARNER:  That's been resolved as well.
12:41:03  12        THE COURT:  Okay.  With those, do you have any
12:41:07  13   other objections or do you suggest any other corrections?
12:41:12  14        MR. WARNER:  The additions would just be
12:41:15  15   family members that I can list here on the record or
12:41:18  16   afterwards I can provide them.
12:41:19  17        THE COURT:  Why don't you go ahead and list
12:41:21  18   them.
12:41:21  19        MR. WARNER:  Okay.
12:41:21  20        THE COURT:  And that would probably be an
12:41:37  21   amendment to paragraphs 75 and 76.
12:41:40  22        MR. WARNER:  That sounds right, Your Honor.
12:41:42  23     The names would be Venecia Sales.  That's a cousin.
12:41:50  24   V-E-N-E-C-I-A.
12:41:56  25     Phyllis Washington, another cousin.
```

| | | |
|---|---|---|
| 12:42:00 | 1 | Kamea Richburgh, K-A-M-E-A, Rich -- R-I-C-H-B-U-R-G-H, |
| 12:42:11 | 2 | another cousin. |
| 12:42:12 | 3 | Desiree Bell, a sister. |
| 12:42:18 | 4 | Titeisha Gulley, T-I-T-E-I-S-H-A, Gulley, as spelled |
| 12:42:32 | 5 | like Mr. Gulley's name. That's his sister. |
| 12:42:34 | 6 | Teressa Kabbett, T-E-R-E-S-S-A, K-A-B-B-E-T-T. This |
| 12:42:47 | 7 | is a religious advisor, Your Honor. |
| 12:42:49 | 8 | And Claudette Russell, another cousin, spelled as |
| 12:42:53 | 9 | stated. |
| 12:42:53 | 10 | And then we would also like -- ask for the amendment |
| 12:42:57 | 11 | that his GED was obtained at Trumbull Correctional |
| 12:43:01 | 12 | Institution. And he can answer any inquiry the Court might |
| 12:43:05 | 13 | have regarding that. Those would be our requests. |
| 12:43:08 | 14 | THE COURT: Does the United States have any |
| 12:43:09 | 15 | objection to any of those suggested amendments? |
| 12:43:12 | 16 | MR. KATZ: No, Judge. |
| 12:43:15 | 17 | THE COURT: Okay. The Court will order that |
| 12:43:18 | 18 | the PSR be amended to reflect those relatives. |
| 12:43:25 | 19 | Does the United States have any argument before |
| 12:43:27 | 20 | sentence is imposed? |
| 12:43:28 | 21 | MR. KATZ: Yes, Judge. But before I get to |
| 12:43:32 | 22 | that, Judge, in going over the report earlier, I found there |
| 12:43:34 | 23 | were two minor changes I'd suggest. |
| 12:43:38 | 24 | On paragraph 18 at the bottom, actually the last line |
| 12:43:42 | 25 | of paragraph 18 on page ID 458, I believe it says Thomas |

| | | |
|---|---|---|
| 12:43:48 | 1 | Gulley. I believe that's a misprint and it should be Jesse. |
| 12:43:52 | 2 | It says that he sold Ikasha Clark and Thomas Gulley a Glock |
| 12:43:58 | 3 | 27. I believe that should be reference to the defendant |
| 12:44:00 | 4 | here in this case, Jesse Gulley. |
| 12:44:01 | 5 | THE COURT: Is there any objection to that? |
| 12:44:03 | 6 | MR. WARNER: No, Your Honor. |
| 12:44:06 | 7 | MR. KATZ: And the other is a typographical |
| 12:44:08 | 8 | error, Judge, on paragraph 26, page ID 406. The last |
| 12:44:12 | 9 | sentence says that Mr. Lorenz had possessed body "army." I |
| 12:44:18 | 10 | believe it should be body "armor." |
| 12:44:20 | 11 | THE COURT: Which paragraph is that? |
| 12:44:22 | 12 | MR. KATZ: That is paragraph 26, Your Honor, |
| 12:44:24 | 13 | the last sentence, second to the last line. |
| 12:44:45 | 14 | THE COURT: Okay. In this case I endeavor to |
| 12:44:54 | 15 | impose a sentence that's sufficient but not longer than |
| 12:44:56 | 16 | needed. In doing that, I first consider the guideline |
| 12:45:00 | 17 | calculations. |
| 12:45:02 | 18 | I set the base offense level at 20. I find that seven |
| 12:45:07 | 19 | firearms were involved. I therefore raise the offense level |
| 12:45:10 | 20 | two levels. I also find that the machine gun had been |
| 12:45:14 | 21 | stolen. I raise the offense level two additional levels. |
| 12:45:19 | 22 | The adjusted offense level is set at 24. Mr. Gulley |
| 12:45:24 | 23 | receives three levels off for acceptance of responsibility. |
| 12:45:29 | 24 | I set the total offense level at 21. |
| 12:45:33 | 25 | I find that Mr. Gulley has a subtotal criminal history |

12:45:40 1 score of 3. I also find that he committed the current
12:45:44 2 offense while he was under a criminal justice sentence. I
12:45:48 3 therefore add two points. The total criminal history score
12:45:52 4 is 5.
12:45:56 5 Mr. Gulley has a criminal history category of III.
12:46:00 6 Having made those findings, does the United States
12:46:03 7 have any argument before sentencing?
12:46:07 8 MR. KATZ: Your Honor, the Government has
12:46:10 9 looked thoroughly through this case, the PSR, and the
12:46:13 10 Government believes a sentence within the guidelines is
12:46:15 11 appropriate for Mr. Gulley and asks that a sentence within
12:46:17 12 that pursuant to 3553(a) be imposed.
12:46:20 13 THE COURT: Okay. And do you have any
12:46:22 14 argument, Mr. Warner?
12:46:23 15 MR. WARNER: Judge, I'll keep it brief.
12:46:24 16 I have to compliment Ms. Morgan on this case for doing
12:46:29 17 a thorough presentence report. It was well over I'd say a
12:46:34 18 two-hour interview. And there were tears. Mr. Gulley comes
12:46:39 19 from a very difficult childhood. I think that that's
12:46:42 20 spelled out very well in the report. That affects him and
12:46:48 21 has affected him and continues to affect him, and it does
12:46:52 22 explain much of the conduct here.
12:46:55 23 We did file a presentencing memorandum in this case
12:46:59 24 which included letters of support and outlines some of the
12:47:06 25 things that Mr. Gulley was engaging in in the community

| Time | Line | Text |
|---|---|---|
| 12:47:08 | 1 | before his arrest.  We think the Court should consider all |
| 12:47:12 | 2 | of these things in imposing a sentence on this case, and a |
| 12:47:20 | 3 | short -- a sentence at the low end of the guidelines, |
| 12:47:22 | 4 | shorter end of the guidelines, we believe would be |
| 12:47:24 | 5 | appropriate in this case. |
| 12:47:25 | 6 | I would turn it over to him if the Court pleases. |
| 12:47:27 | 7 | THE COURT:  Is there anything you want to say, |
| 12:47:28 | 8 | Mr. Gulley? |
| 12:47:29 | 9 | THE DEFENDANT:  I just want to accept |
| 12:47:37 | 10 | responsibility for my conduct and move forward on a more |
| 12:47:41 | 11 | positive note and be a better, productive person when I get |
| 12:47:48 | 12 | back out there in society and do what's right. |
| 12:47:53 | 13 | THE COURT:  In this case I set the offense |
| 12:47:55 | 14 | level at 21, and the criminal history category is a criminal |
| 12:48:01 | 15 | history category of III. |
| 12:48:03 | 16 | I also will consider and have considered the 3553 |
| 12:48:11 | 17 | factors.  In summary, the first of those is the nature and |
| 12:48:19 | 18 | circumstances of the offense.  This did involve the purchase |
| 12:48:22 | 19 | of a stolen machine gun from what appears to have been a |
| 12:48:26 | 20 | former firearm dealer.  It also appears that you had made a |
| 12:48:34 | 21 | number of purchases from him, most of these done as straw |
| 12:48:39 | 22 | purchases through Ikasha Clark, who was your wife.  She had |
| 12:48:46 | 23 | a carry permit, and it appears that she purchased many, if |
| 12:48:53 | 24 | not most, of these guns.  But she, once again, purchased |
| 12:48:56 | 25 | them for you. |

12:48:57  1      I also consider your own history and background.  As
12:49:05  2   Mr. Warner has indicated, some of your family circumstances
12:49:08  3   make you somewhat less blameworthy.  Some of the
12:49:11  4   circumstances growing up appear to have been difficult.
12:49:18  5      You also, though, have had a relatively bad criminal
12:49:23  6   record in the past.  There's been a lot of arrests; there's
12:49:26  7   been a lot of involvement with drug dealing.
12:49:34  8      On the personal side, it appears that you have a
12:49:36  9   number of children.  You actually have a number of wives.
12:49:39 10   And it appears that you continue to have some relatively
12:49:43 11   close relationship with them.
12:49:47 12      The thing that stands out the most though is the fact
12:49:49 13   that it appears that the purchase of the firearms was
12:49:55 14   largely related to drug dealing.  And the purchase of the
12:50:00 15   machine gun was specifically for protection or otherwise but
12:50:04 16   related to the drug dealing.
12:50:09 17      And there appears to be some relatively good reason
12:50:14 18   for you to feel some concern about that.  I believe you've
12:50:19 19   been shot twice or three times?
12:50:23 20              THE DEFENDANT:  Four.
12:50:25 21              THE COURT:  So you've been shot a number of
12:50:29 22   times that kind of all reflect going back on this long
12:50:31 23   history of dealing with drug dealing.
12:50:36 24      I believe one of those shootings you may have lost
12:50:39 25   sight in one of the eyes?

THE DEFENDANT: Yes, sir.

THE COURT: And otherwise, your physical condition seems to be uneventful. There was some indication that there may have been attention deficit hyperactive disorder at an earlier age, but that doesn't seem to have played a part in this.

It also appears that you had had some substance abuse problems, most of those involving alcohol or marijuana, although it appears that you had largely gotten beyond that.

In terms of employment, you were earning quite a bit of money. It's somewhat unclear as to how much money was associated with the drug dealing and how much was associated with this bar that you owned. But it appeared that you had quite a bit of income.

I don't find -- I also have considered the need for the sentence to reflect just punishment, afford adequate deterrence, and protect the public.

The thing that stands out here is probably the involvement with the criminal activity over a long period of time, including a number of larger -- or longer sentences. So deterrence -- individual deterrence is a factor in this case, as is incapacitation and the need to protect the public.

So having considered all these factors and I believe consistent with the Sentencing Reform Act, I'm going to

sentence you to a guideline sentence of 48 months, somewhat closer to the lower end of the guidelines but somewhat above the minimal -- or the lower end of the guidelines.

After release from incarceration you'll be put on supervised release for three years. You need to report for that within 72 hours after release from custody. You'll need to report to the probation office nearest the location to which you're released.

I'll waive the imposition of a fine.

I'll impose a $100 special assessment which will be payable today.

While you're under supervised release, you'll be subject to the standard conditions. Additionally, you're not to unlawfully use any controlled substance. You'll need to submit to one drug test within 15 days of starting supervision and at least two periodic tests after that.

You'll be required to make financial disclosure during the supervised release. You're also not to open any new credit charges or lines of credit without prior approval.

If the probation officer directs, you'll have to participate in any substance abuse treatment and testing program. You'll also have to fully participate in any cognitive-behavioral program that might be recommended.

You'll, finally, have to consent to a search of your person, property, residence, vehicle, or paper and computer

```
12:54:11   1    if the probation officer reasonably suspects that there
12:54:17   2    might be a violation of the supervised release.
12:54:18   3         Finally, no interaction with known members of the
12:54:27   4    South Side Gang without prior approval from the probation
12:54:33   5    officer.
12:54:33   6         I'll order you be given credit for any time that
12:54:36   7    you've already served.
12:54:36   8         I'll also advise that you may have some right to take
12:54:39   9    an appeal from this.  If you wanted to take an appeal from
12:54:43  10    this and if you did not have enough money to pay for such an
12:54:48  11    appeal, you would have a right to have counsel appointed to
12:54:52  12    represent you.
12:54:53  13         I'd ask, Mr. Warner, that you speak with your client,
12:54:57  14    and if he has a belief that he wants to try an appeal, I'd
12:55:01  15    ask you to see that it become timely filed.  I think he may
12:55:06  16    have waived and given up --
12:55:08  17              MR. WARNER:  Your Honor, this is a conditional
12:55:10  18    plea, so we would preserve pursuant to --
12:55:14  19              THE COURT:  Okay.  I forgot.
12:55:17  20         Did you retain the right to appeal the suppression?
12:55:22  21              MR. WARNER:  Yes, that's correct.  And we
12:55:24  22    would maintain whatever objection we have there for the
12:55:25  23    circuit if it requires it at this point in the sentencing.
12:55:27  24    But we otherwise thank the Court for its sentence.
12:55:31  25              THE COURT:  Okay.  Does the United States have
```

```
12:55:34   1    any objection?
12:55:35   2              MR. KATZ:  No objection, Your Honor.
12:55:40   3              THE COURT:  Retaining the right to appeal the
12:55:43   4    suppression, apart from that do you have any objection?
12:55:46   5              MR. WARNER:  No, Your Honor.
12:55:46   6        We'd ask the Court that it recommend Elkton in this
12:55:49   7    case as a placement.  He understands that's not -- that's
12:55:53   8    only a recommendation, but we'd ask the Court make that
12:55:56   9    recommendation for us.
12:55:56  10              THE COURT:  And I'll make that recommendation
12:56:02  11    but, once again, with the acknowledgement that the BOP will
12:56:05  12    make their own decisions on this.  But hopefully they'll
12:56:08  13    consider it.
12:56:08  14              MR. WARNER:  Thank you, Your Honor.
12:56:09  15              THE COURT:  Okay.  Thanks everyone.
12:56:11  16              MR. KATZ:  Judge, although I didn't have an
12:56:13  17    objection, I do have some notes.
12:56:14  18        The Government formally moves to dismiss Counts 1 and
12:56:17  19    4 in the indictment.
12:56:18  20              THE COURT:  And I'll grant that motion.
12:56:19  21              MR. KATZ:  And finally, Judge, I believe this
12:56:21  22    is the last defendant to be sentenced on this particular
12:56:24  23    indictment.  Because there are no suggestions of any
12:56:28  24    interest in any property on this case, the Government asks
12:56:31  25    that you consider the motion for preliminary order of
```

| | | |
|---|---|---|
| 12:56:34 | 1 | forfeiture that has been filed as document 84 and the |
| 12:56:37 | 2 | attached proposed entry for forfeiture. |
| 12:56:39 | 3 | THE COURT: Is there any objection to that? |
| 12:56:41 | 4 | MR. WARNER: Judge, I did e-mail -- I think |
| 12:56:43 | 5 | that might involve his automobile. I did e-mail Mr. Howell |
| 12:56:50 | 6 | on this case regarding some materials inside of the |
| 12:56:52 | 7 | automobile that we're trying to retrieve. With that |
| 12:56:55 | 8 | outstanding -- we need to get some legal documents that are |
| 12:56:58 | 9 | unrelated to the case, but with that outstanding, we don't |
| 12:57:02 | 10 | object to the repossession of the vehicle. I think that |
| 12:57:04 | 11 | that's what was at play here. |
| 12:57:07 | 12 | THE COURT: Wasn't there also a mortgage on |
| 12:57:08 | 13 | the vehicle? |
| 12:57:09 | 14 | MR. WARNER: Yes. |
| 12:57:14 | 15 | MR. KATZ: Well, Judge, I think Attorney |
| 12:57:16 | 16 | Warner -- AUSA Tripi would be the one to contact. |
| 12:57:21 | 17 | MR. WARNER: I'd be happy to follow up on |
| 12:57:25 | 18 | that, Your Honor. |
| 12:57:25 | 19 | THE COURT: I'll approve the temporary |
| 12:57:27 | 20 | forfeiture or approve the suggested, but we'll go through |
| 12:57:30 | 21 | the remaining steps with regard to the final forfeiture. |
| 12:57:36 | 22 | Okay? |
| 12:57:36 | 23 | MR. KATZ: Thank you, Judge. |
| 12:57:37 | 24 | THE COURT: Thanks everyone. |
| 12:57:38 | 25 | MR. WARNER: Thank you, Your Honor. |

12:57:38  1      THE COURT: And we'll adjourn.
12:57:42  2      (Proceedings adjourned at 12:57 p.m.)
          3                    * * * *
          4              **C E R T I F I C A T E**
          5
          6      I certify that the foregoing is a correct transcript
          7  of the record of proceedings in the above-entitled matter
          8  prepared from my stenotype notes.
          9
         10      */s/ Lance A. Boardman*            *07/11/2018*
             Lance A. Boardman, RDR, CRR               DATE