UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:17-cr-00493-1 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Doc. 149] |
| v. | : | |
| | : | |
| JESSE GULLEY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

This Court denied Jesse Gulley's 28 U.S.C. § 2255 motion in June 2021.[1]

Now, Gulley moves under Federal Rule of Civil Procedure 60(b) to vacate the Court's earlier decision on his suppression motion.[2] The government opposes and argues that the Court should transfer Gulley's motion to the Sixth Circuit as a second or successive § 2255 motion.[3]

Because Gulley's could have raised his arguments in his first § 2255 motion, his Rule 60(b) motion qualifies as a second or successive motion.

An incarcerated person must obtain Sixth Circuit authorization to file a second or successive § 2255 motion. Without that authorization, the Court must transfer the motion.

For the reasons presented below, the Court **TRANSFERS** this motion to the Sixth Circuit for authorization as a second or successive § 2255 motion.

I.   Background

Jesse Gulley currently serves a sentence for felon in possession of firearms and

---

[1] Doc. 144.
[2] Doc. 149-1.
[3] Doc. 151.

Case No.
GWIN, J.

ammunition.⁴

After Defendant Gulley was indicted, Gulley moved to suppress the evidence against him.⁵

This Court denied his motion to suppress.⁶

The Court later granted Defendant Gulley's motion for new counsel but denied new counsel's motion to file a second motion to suppress.⁷

Defendant Gulley then pled guilty.⁸ This Court sentenced him to 48 months of imprisonment and three years of supervised release.⁹

On direct appeal, the Sixth Circuit affirmed this Court's ruling that had denied Defendant Gulley leave to file a second suppression motion.¹⁰ The Sixth Circuit also affirmed this Court's denial of Defendant Gulley's motion to continue the trial date.¹¹

In July 2020, Gulley brought a § 2255 motion.¹² He alleged ineffective assistance of counsel and prosecutorial misconduct. His arguments focused on his first attorney's suppression theory, his second attorney's advice to plead guilty, and search warrant defects.

This Court denied Gulley's § 2255 motion.¹³

Now, Gulley asks the Court to vacate its decision on his motion to suppress.

## II. Legal Standard

Under 28 U.S.C. § 2255, the Court of Appeals must authorize a second or successive

---

⁴ Doc. 90.
⁵ Doc. 24.
⁶ Doc. 39.
⁷ Doc. 52; Doc. 61.
⁸ Doc. 64.
⁹ Doc. 90.
¹⁰ Doc. 119.
¹¹ *Id.*
¹² Doc. 122.
¹³ Doc. 144.

Case No.
GWIN, J.

motion before the motion can be filed with the district court.[14]

The Sixth Circuit has held that a "Rule 60(b) motion that attempts 'to add a new ground for relief' is effectively a motion to vacate, set aside, or correct the sentence, and thus should be considered a § 2255 motion."[15]

In addition, where a "Rule 60(b)(6) motion attacks the district court's previous resolution of a claim on the merits," the motion should be considered as a § 2255 motion.[16]

Where the movant raises arguments that could have been raised in the first § 2255 motion, the motion is a second or successive § 2255 motion.[17]

Second or successive § 2255 motion require Sixth Circuit authorization for filing.[18]

### III. Discussion

Gulley's motion qualifies as a second or successive § 2255 motion.

In his first § 2255 motion, Gulley argued that the evidence against him should have been suppressed because the search warrant was invalid.[19]

In his current motion, Gulley raises additional arguments challenging the validity of the search warrant.[20]

Defendant Gulley's motion challenges this Court's suppression decision. He could have raised the arguments challenging the search warrant in his first § 2255 motion. This Court therefore considers his motion to be a second or successive § 2255 motion.

---

[14] 28 U.S.C. § 2255(h).
[15] *In re Nailor*, 487 F.3d 1018, 1022 (6th Cir. 2007) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).
[16] *Id.* at 1023.
[17] *Id.*; *see also Banister v. Davis*, 140 S. Ct. 1698, 1711 (2020) ("A Rule 59(e) motion, unlike a Rule 60(b) motion, does not count as a second or successive habeas application.").
[18] *Nailor*, 487 F.3d at 1023.
[19] Doc. 144 at 9-11.
[20] Doc. 149-1 at 1-5.

- 3 -

Case No.
GWIN, J.

Without Sixth Circuit authorization, this Court cannot consider Petitioner Gulley's motion.[21]

### IV. Conclusion

For the reasons stated above, the Court **TRANSFERS** Gulley's motion to the Sixth Circuit for consideration as a second or successive motion under 28 U.S.C. § 2255.

IT IS SO ORDERED.

Dated: August 3, 2022       *s/    James S. Gwin*
       JAMES S. GWIN
       UNITED STATES DISTRICT JUDGE

---

[21] *Nailor*, 487 F.3d at 1023.

- 4 -